IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 5:25-CR-50029-001 |
| | ) | |
| MELISSA GOSWICK | ) | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, by and through David Clay Fowlkes, United States Attorney for the Western District of Arkansas, for its Sentencing Memorandum states:

### BACKGROUND

On April 4, 2025, Melissa Goswick pleaded guilty to an Information charging her with passing a counterfeit obligation—a forged U.S. Treasury check for $133,084.25, into an account at a Fayetteville, Arkansas bank. She is set for sentencing before this Court on August 4, 2025. No objections to the presentence report remain. *Doc. 28 at 5*. Goswick seeks from this Court a downward variance to a sentence of probation. *Id.* The United States takes no position on the variance motion and defers to the Court for an appropriate sentence in this case.

### ARGUMENT

To arrive at a just sentence, the statute directs the Court to consider the factors at 18 U.S.C. § 3553(a).

a. *Nature and Circumstances of the Offense and the History and Characteristics of the Defendant. (18 U.S.C. § 3553(a)(1)).*

Goswick's crime is serious. It was the final step in enabling a still-anonymous fraudster to steal a substantial amount of money from at least one bank and one business, in the process rendering the criminal proceeds virtually untraceable. Goswick did not know the full details of

1

the scheme, but only because she blinded herself to the obvious happening around her. And Goswick's actions were no less critical in bringing the scheme to fruition.

There are aggravators. This was not a one-time event: Goswick made her first fraudulent deposit in December 2022 and was still engaged in questionable financial activity in February 2024, despite having numerous banks alerting her to the fraud. *PSR par. 28*. While the triggering conduct was the counterfeit treasury check, in May 2023 Goswick received more than *half a million* dollars from a business that she subsequently moved through various accounts and ultimately passed along to people in at least New Jersey, Illinois, and Georgia by way of cashier's check. *PSR par. 28*. On another occasion in September 2023, Goswick deposited $186,266 into an account that later returned as fictitious. *PSR par. 16-17*. Goswick's explanation was that her business partner or fiancé had given her the money. *Id*. Under no circumstances can one engage in such behavior without knowledge of participation in illegal activity. Also noteworthy is that Goswick formed a fictitious business entity to facilitate fraud. *Id*. The large amount of fraud proceeds, and the existence of real-world victims are aggravating.

While it is mistaken to call Goswick a "victim" of a romance scam (she wasn't sending *her own* money to the would-be romancer—she gained from the collaboration), she was certainly a participant in a romance-for-laundering relationship. Goswick appears to have gained little financial profit from the scheme (*PSR par. 24)*, her compensation instead in the form of attention from some mysterious doctor. *PSR par. 28a*. Goswick presents with no criminal history and both mental and physical health concerns. As Goswick notes, she has been forthcoming since approached by law enforcement, consented to the search of her phone, and has kept the United States aware of relevant information in the case. *See Doc. 18 at 3-4*.

  b. *The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, To Promote Respect for the Law, and to Provide Just Punishment for the Offense.  (18 U.S.C. § 3553(a)(2)(A));*

All federal felonies are serious, but relative to other financial-crime offenders in this district, Goswick's case is on the less-severe end of the spectrum.  Goswick had no role in obtaining the fraud funds and likely knew little of their true provenance, but instead was the witting mule moving money that common sense dictates was obtained by unlawful means.  Any sincere belief the funds were the product of gaming-application development (*see Doc. 28 at 6*), defies reality.  The United States agrees *United States v. Revels*, 5:20-cr-50052-001 (W.D. Ark., Sep. 17, 2020), is the most factually similar, distinguishable in the manners that Goswick notes.  *Doc. 28 at 14-15*.  Even so, the intended loss here exceeds the loss in *Revels* by more than $700,000[1], and while other factors differ, the relative seriousness for Goswick's offense is far greater, necessitating a greater need for a sentence that more appropriately punishes and promotes respect for the law.

  c. *The Need for the Sentence Imposed to Afford Adequate Deterrence To Criminal Conduct and Protect the Public from Further Crimes. (18 U.S.C. § 3553(a)(2)(B-C)).*

With Goswick's past and the nature of her crime, it is unlikely Goswick will reoffend.  But general deterrence, discouraging others from turning a blind eye to obviously illegal activity, demands attention.  The United States asks this Court to fashion a sentence that would deter others in Goswick's position, while noting the particulars of her case.

## **CONCLUSION**

Considering the factors set forth at 18 U.S.C. § 3553(a), the United States respectfully requests the Court impose a sentence on GOSWICK that reflects the concerns outlined above.

---

[1] *Bullard*, 2:21-cr-20020, had approximately $2,220 in counterfeit currency.  Intended loss in the *Revels* case, 5:20-cr-50053, was $134,205.30.  The value of the counterfeit materials in the *Compton* case, 3:19-cr-30006, was $3,100.

Respectfully submitted,

DAVID CLAY FOWLKES
UNITED STATES ATTORNEY

By: */s/ Hunter Bridges*
Hunter Bridges
Assistant U. S. Attorney
Arkansas Bar No. 2012282
414 Parker Avenue
Fort Smith, AR  72901
(479) 249-9040
E-mail Hunter.Bridges@usdoj.gov

## CERTIFICATE OF SERVICE

I, Hunter Bridges, Assistant U.S. Attorney for the Western District of Arkansas, hereby certify that on July 24, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing and that a copy of the foregoing was also sent via email to the following:

Joe Alfaro
Attorney for the Defendant

*/s/ Hunter Bridges*
Hunter Bridges
Assistant U.S. Attorney